IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD B. MARTIN JR.                 *

Plaintiff                             *

v                                     *     Civil Action No. ELH-16-1732

RICHARD B. MARTIN SR.,                *
KATHRYN L. MARTIN
                                      *
Defendants
                                     ***

## MEMORANDUM

On May 31, 2016, plaintiff Richard B. Martin Jr., a resident of Boston, Massachusetts,

filed a personal injury action against his parents, Richard Martin Sr. and Kathryn Martin, who

reside in Woodbine, Maryland.  ECF 1.  Jurisdiction is based on diversity of citizenship.  *See* 28

U.S.C. § 1332.  Plaintiff, who is self-represented, has filed a motion for leave to proceed in

forma pauperis.   ECF 2.   His motion shall be granted because the financial affidavit

accompanying his complaint indicates that he has no source of income.  However, his motion to

file electronically (ECF 3) shall be denied.

## I.  Background

This lawsuit represents the eighth action brought by plaintiff in this court in the last ten

months.[1]  Here, plaintiff complains that he has been "emotionally and physically abused…since

[he] was born," at the hands of his parents.  Plaintiff's suit includes seven claims, and he seeks

---

[1] Seven of these actions were against those involved in his criminal case.  *See Martin v. Walsh,* Civil Action No. GJH-15-2302; *Martin v. The State's Attorney's Office of Montgomery Co., et al.,* Civil Action No. PWG-15-2429; *Martin v. Baltimore City Police,* Civil Action No. GJH-15-2430; *Martin v. Montgomery Co. Dept. of Police, et al.,* Civil Action No. GJH-15-2431; *Martin v. Maryland Courts, et al.,* Civil Action No. GJH-15-2432; *Martin v. McGann,* Civil Action No. PJM-16-1731 (D. Md.); and *Martin v. Walsh,* Civil Action No. PJM-16-1731.  Each case was summarily dismissed on initial review.

$10,000,000 collectively, in compensatory and punitive damages, as to all claims.  ECF 1 at 1.

Plaintiff alleges, *inter alia*, that his mother "pretend[ed] to commit suicide with a musket when [he] commented on her cheating at [a] child's card game (possibly, Go Fish)."  ECF 1 at 1. He also claims that while he was a teenager, his father "intentionally and highly offensively graz[ed] his…penis…as I lie in bed after giving me a hug goodnight…"  *Id.*  Plaintiff recounts that he contacted the Howard County Police Department in late 2007 concerning his father's sexual abuse.  *Id.* at 2.[2]  Thereafter, his mother. a psychiatric nurse, "started telling family members that [Martin] had a serious mental illness."  *Id.*

In 2012, plaintiff "moved back home after living abroad" but alleges that he was not treated with respect. *Id.* at 3.  According to plaintiff, in June 2013, his father "began to harass" him and refused to leave him alone, and instead "attempt[ed] to initiate conversation and…to inappropriately order [plaintiff] to do different tasks."  *Id.*  Plaintiff claims that during one encounter with his father, plaintiff attempted to leave the house, but his father

> [u]sed his body to prevent [plaintiff] from progressing farther up the stairs.  With his groin at the level of about [plaintiff's] midabdomen he quickly positioned his genital region close to [plaintiff's] body and stimulated himself against [plaintiff's] body…He proceeded to throw some of [plaintiff's] clothes into the backyard.  It was raining.

*Id.* at 4.

In addition, plaintiff alleges that his parents "propagate[ed] the rumor that [he] was mentally ill" and "defamed [him] so severely" because "they don't want [him] to inherit what is rightfully [his] and don't want others to believe that Mr. Martin has sexually abused minors."  *Id.* at 3.  Further, plaintiff states that his parents obtained a court order for a psychiatric evaluation of

---

[2] Plaintiff also alleges that his father has abused other family members and that plaintiff was sexually abused by an older cousin.  *See, e.g.*, ECF 1 at 2.  The other family members are not parties to this action, and therefore I need not address allegations as to them.

plaintiff.  As a result, on August 15, 2015, Sheriff's deputies removed plaintiff from a family member's home and took him to Frederick Memorial Hospital, where he remained for ten days, "unjustly."  *Id.* at 4.

Under the heading of "Statement of Claims," plaintiff asserts numerous causes of action against both defendants.  These are set forth below.

In Claim I, plaintiff asserts intentional infliction of emotional distress, based on the alleged assaultive behavior of his father, plaintiff's alleged false imprisonment at Frederick Memorial Hospital, and the defamatory statements as to plaintiff's alleged mental illness.  In Claim II, plaintiff alleges negligence, claiming his parents had "a legal duty" to "exercise reasonable care towards [him] when [he] was living at home."  *Id.* at 5.  Instead, they failed to do so; Martin Sr. "indecently assaulted" plaintiff; and "Mrs. Martin enabled it."  *Id.* at 5.  In Claim III, plaintiff alleges battery, based on his father's "sexual and nonsexual contact" with plaintiff, for which "[b]oth defendants are responsible. . . ."  Claim IV alleges defamation based on the conduct of plaintiff's parents in "telling others" that plaintiff is "mentally ill to cover up Mr. Martin's history of sexual abuse and to prevent [plaintiff] from accessing the family's wealth." *Id.*  Plaintiff asserts in Claim V false imprisonment as to his hospitalization.  And, in Claim VI plaintiff alleges assault based on his father's "sexual and nonsexual contact," again asserting that [b]oth defendants are liable . . . ."  *Id.* at 6.  Finally, in Claim VII, plaintiff asserts "malicious prosecution," based on his parents' conduct in having him "ordered to Frederick Memorial Hospital where [plaintiff] was falsely imprisoned, harassed, and assaulted."  *Id.*

## II.  Jurisdiction

Plaintiff asserts subject matter jurisdiction based on diversity.

3

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). The question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte,* at any stage of the litigation.  *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006); *see Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 197 (4th Cir. 2008).   Indeed, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

"A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)).  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)).  Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaug*h, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Here, as noted, plaintiff asserts subject matter jurisdiction based on diversity of citizenship.  It is satisfied if the litigation is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).

With respect to the amount-in-controversy requirement, the Supreme Court has articulated two standards that are seemingly in tension. On the one hand, in *Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938), the Court said: "The rule governing

4

dismissal for want of jurisdiction . . . is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 288–89 (emphasis added) (internal footnotes omitted). In other words, "if, from the face of the pleadings, it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed . . . , the suit will be dismissed." *Id.* at 289 (emphasis added).

On the other hand, in *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178 (1936), the Supreme Court considered a complaint that was "destitute of any appropriate allegation as to jurisdictional amount save the general allegation that the matter in controversy exceeds $3,000," which was then the statutory amount-in-controversy threshold, and the "particular allegations" of the complaint shed no further "light upon that subject." *Id.* at 181. In that circumstance, the Court said that the plaintiff "must allege in his pleading *the facts* essential to show jurisdiction." *Id.* at 189 (emphasis added). The Court continued: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction *precludes the idea that jurisdiction may be maintained by mere averment* . . . . If [the plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *Id.* (emphasis added).

In *Momin v. Maggiemoo's International, LLC,* 205 F. Supp. 2d 506 (D. Md. 2002), Judge Blake observed that, "[i]n determining whether an amount in controversy is sufficient to confer jurisdiction," courts have applied "one of two legal standards depending on whether the damages

are specified or unspecified in the complaint," *id.* at 509, thereby harmonizing the teachings of *McNutt* and *Saint Paul Mercury*.[3]

Under the first standard, "[w]here a plaintiff claims a *specific amount* in damages," greater than the $75,000 threshold, the opponent of jurisdiction must controvert the plaintiff's assertion to a "'legal certainty.'"  *Id.* (emphasis added) (citation omitted).  The Fourth Circuit stated in *JTH Tax, Inc. v. Frashier,* 624 F.3d 635 (4th Cir. 2010): "If the plaintiff *claims a sum* sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" *Id.* at 638 (emphasis in *JTH Tax*) (citation omitted). In other words, a jurisdictional challenge to a specifically alleged amount in controversy will fail if *"a fact finder could legally conclude,* from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added). In that circumstance, a defendant "seeking dismissal of [a] diversity action[ ] for lack of a sufficient amount in controversy, must . . . shoulder a heavy burden"; the opponent of jurisdiction "must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *JTH Tax,* 624 F.3d at 638 (citation omitted).

However, where "a plaintiff's complaint does not allege a specific amount in damages," a different standard applies: the proponent of jurisdiction must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Momin,* 205 F. Supp. 2d at 509-10. As Judge Blake explained, "[i]n such cases, '[a] lower burden of proof is

---

[3] *Momin* arose in the context of removal.  The defendant, as the party asserting diversity jurisdiction, had the burden to establish jurisdiction, and so the defendant sought to controvert the plaintiff's claim that the amount in controversy was *lower* than the jurisdictional threshold.

warranted because there is simply no estimate of damages to which a court may defer.'" *Id.* at 510 (citation omitted). This is consistent with the "well-pleaded complaint" rule, under which the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt*); *accord El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 752 (7th Cir. 2013) ("The fact that the plaintiff *alleged* an amount in controversy in excess of $75,000 . . . does not establish that this is the amount in controversy.") (emphasis in original).

### III. Discussion

### A.

Plaintiff's Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. However, to guard against possible abuses of this privilege, 28 U.S.C. § 1915(e)(2) requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which is "held to less stringent standards then formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). But, under Fed. R. Civ. P. 8(a)(2), a complaint must state a claim showing the claimant is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Thus, liberal construction does not mean that a court can ignore a clear failure of a complaint to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."); *Bey v.*

*Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014)(stating that "liberal construction does not absolve Plaintiff from pleading a plausible claim"); *Coulibaly v. J.P. Morgan Chase Bank, N.A.,* DKC-10-3517, 2011 WL 3426994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

I turn to review the claims.  In doing so, I must apply the law of Maryland, because jurisdiction in this case is based on diversity.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007).

## B.

Under Maryland law, a civil action arising from alleged child sexual abuse must be filed within seven years of the date that the victim attains the age of majority.  *See* § 5-117(b) of the Courts and Judicial Proceedings Article ("C.J.") of the Md. Code (2013 Repl. Vol.).  Taking judicial notice of prior litigation involving Martin,[4] he is currently more than 35 years old.  Thus,

---

[4] Exhibits were provided by plaintiff with the complaint in Civil Action PWG-15-2429. They suggest the case of *State of Maryland v. Richard Martin*,  Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her.  *Id.,* ECF 1-15 and Indictment, ECF 1-14.  Examination of Maryland's electronic docket of the criminal case and its companion case in the District Court for Montgomery County, Case No. SD0022160, provide Martin's date of birth, October 14, 1980.

Pursuant to Fed. R. Evid. 201, a court may take judicial notice of a fact if it is "not subject to reasonable dispute," in that it is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  And, in *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Court said that a district court may "properly take judicial notice of its own records."  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied,____* U.S. ____, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

any claims of assault, battery, negligence, and intentional infliction of emotional distress, arising from the alleged emotional, physical, and/or sexual abuse of plaintiff by his parents during plaintiff's childhood, are plainly time-barred.

### C.

In Maryland, a one-year statute of limitations applies to claims for defamation, *i.e.*, slander or libel.  *See* Md. Code, C.J. § 5-105.  With the exception of the incident of August 15, 2015, during which Martin was hospitalized for psychiatric evaluation, all other defamation claims made against Martin's parents are clearly time-barred.  *See Gainsburg v. Steben & Co.*, 838 F. Supp. 2d 1339, 1342 (D. Md. 2011).

To the extent that Martin alleges that in 2015 his parents defamed him by informing law enforcement authorities about his mental condition, and that their actions led to his hospitalization, against his will, his claim also fails.  Under Md. Code (2015 Repl. Vol.), Health General, § 10-618 (a), a person who applies for involuntary admission of an individual shall have the immunity from liability described in C.J. § 5-623(b).  In turn, C.J. § 5-623(b) provides "A person who in good faith and with reasonable grounds applies for involuntary admission of an individual is not civilly or criminally liable for making the application. . . ."

As I see it, plaintiff's allegations are deficient to overcome the statutory qualified privilege provided under Maryland law.

### D.

Plaintiff's claim for intentional infliction of emotional distress is subject to dismissal for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).

A claim for intentional infliction of emotional distress ("IIED") is disfavored in Maryland and difficult to establish and, as such, is "rarely viable."  *Respess v. Travelers Cas. & Sur. Co. of*

*Am.,* 770 F. Supp. 2d 751, 757 (D. Md. 2011).   In order to prevail on a claim for IIED in

Maryland, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2)

the conduct was extreme and outrageous; (3) there is a causal connection between the

defendant's wrongful conduct and the emotional distress; and (4) the emotional distress was

severe.  *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611, 614 (1977); *accord, e.g., Manikhi v.*

*Mass Transit Admin.,* 360 Md. 333, 758 A.2d 95, 112, 113 (2000); *Mixter v. Farmer,* 215 Md.

App. 536, 548, 81 A.3d 631, 637 (2013); *Lasater v. Guttmann,* 194 Md. App. 431, 448, 5 A.3d

79, 89 (2010).

The "extreme and outrageous" standard is quite high.  *See generally Bagwell v. Peninsula*

*Reg'l Med. Ctr.,* 106 Md. App. 470, 514, 665 A.2d 297, 319 (1995) (stating that the tort

of intentional infliction of emotional distress is  "rigorous,   and   difficult   to   satisfy"), *cert.*

*denied,* 341 Md. 172, 669 A.2d 1360 (1996). The defendant's conduct must be "'so extreme in

degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and

utterly intolerable in a civilized community.'" *Arsham v. Mayor & City Council of Baltimore,* 85

F. Supp. 3d 841, 850 (D. Md. 2015) (quoting *Harris,* 281 Md. at 567, 380 A.2d at 614). Indeed,

"[t]o be actionable, the conduct relied upon 'must strike to the very core of one's being,

threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v.*

*Paulikas,* 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit*

*Co.,* 66 Md. App. 46, 59–60, 502 A.2d 1057, 1064, *cert. denied,* 306 Md. 118, 507 A.2d 631

(1986)), *aff'd,* 166 F.3d 1208 (4th Cir. 1998).

As noted, any IIED claim arising from alleged child abuse during plaintiff's childhood is

time-barred.  Plaintiff's IIED claim based on the incident of June 2013, as described in his

Complaint, also fails.  Assuming the truth of plaintiff's allegations, one instance of a verbal

altercation between an adult child and his father, resulting in a brief blocking of egress on a stairway, a brief inappropriate touching, and the tossing of some clothing out the back door, simply does not meet the test outlined above.   Moreover, as to plaintiff's psychiatric hospitalization, it is noteworthy that a court determined to issue an order for the evaluation, and the hospital hospitalized plaintiff to evaluate him.   Under these circumstances, plaintiff's allegations do not give rise to a claim against his parents for IIED.

### E.

Plaintiff alleges false imprisonment as a result of his involuntary hospitalization.   "An action for false imprisonment arises when one unlawfully causes a deprivation of another's liberty against his will."   *Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 649, 547 A.2d 1105, 1109 (1988).   In addition, the tort of false imprisonment "may also arise when one *knowingly* gives false information to a law enforcement officer which leads to another person's arrest."   *Id.* (emphasis in *Allen*). However, one "is not liable for false imprisonment when in good faith he or she provides information, however mistaken, to law enforcement officers."   *Id.* at 649-50, 547 A.2d at 1109.

The elements of the tort of false imprisonment are as follows: "'1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification.'"   *Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 330-31 (D. Md. 2012) (quoting *Heron v. Strader*, 361 Md. 258, 264, 761 A.2d 56, 59 (2000)) (citing *Manikhi v. MTA*, 360 Md. 333, 364, 758 A.2d 95 (2000)).   "'Any exercise of force, or threat of force, by which in fact the [plaintiff] is deprived of [his] liberty . . . is an imprisonment.'"   *Jones*, 903 F. Supp. 2d at 331 (quoting *Mason v. Wrightson*, 205 Md. 481, 487, 109 A.2d 128, 131 (1954)).

The Maryland Court of Appeals has explained the concept of "legal justification" within the meaning of the tort of false imprisonment, as follows:

> "When the cases speak of legal justification we read this as equivalent to legal authority. . . . Whatever technical distinction there may be between an 'arrest' and a 'detention' the test whether legal justification existed in a particular case has been judged by the principles applicable to the law of arrest."

*Ashton v. Brown*, 339 Md. 70, 120, 660 A.2d 447, 472 (1995) (citation omitted); *see also Beasley v. Kelly*, No. DKC 10-0049, 2011 WL 4711910, at *4 (D. Md. Oct. 04, 2011).

By way of analogy, in Maryland, "[a]n arrest made under a warrant which appears on its face to be legal is legally justified . . . even if, unbeknownst to the arresting police officer, the warrant is in fact improper."  *Green v. Brooks*, 125 Md. App. 349, 373, 725 A. 2d 596, 608 (1999) (quoting *Ashton*, 339 Md. at 120, 660 A.2d at 472); *see also McDaniel v. Arnold*, 898 F. Supp. 2d 809 (D. Md. 2012).  Thus, an arrest made pursuant to valid legal process does not give rise to a claim for false imprisonment.  *Shipp v. Autoville Ltd.*, 23 Md. App. 555, 571, 328 A.2d 349, 358-359 (1974) ("If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the State, and not to be imputed to him.").

Assuming the truth of plaintiff's allegations, his parents obtained a court order for plaintiff's evaluation.  There is no challenge to the validity of the court order.  Moreover, it was the hospital that determined to hold plaintiff.  In my view, plaintiff has failed to state a claim against his parents for false imprisonment.

### F.

Plaintiff's claim for malicious prosecution is patently insufficient.  This is because, *inter alia*, plaintiff does not allege that he was ever prosecuted as a result of his parents' conduct.

To state a claim for malicious prosecution, a plaintiff must allege that the defendant instituted or continued a criminal proceeding; the proceeding was resolved in favor of the accused; there was no probable cause for the proceeding; and the defendant acted with malice, or for the primary purpose other than that of bringing an offender to justice.  *See, e.g., Okwa v. Harper*, 360 Md. 161, 183, 757 A.2d 118, 130 (2000).  But, "[w]here a party instigates, aides or assist [sic] in a criminal prosecution he/she may be liable even where he/she did not swear out a warrant."  *Smithfield Packing Co., Inc. v. Evely*, 169 Md. App. 578, 193, 905 A.2d 845, 854 (2006).  Conversely, a person is not liable for malicious prosecution "for relying upon the independent judgment of a prosecutor or attorney where the defendant has made a full disclosure of all material facts relative to the charges being made."  *Id.* at 593-94, 905 A.2d at 854.

In *So. Management Corp. v. Taha*, 378 Md. 461, 473, 836 A.2d 627, 633 (2003), the Maryland Court of Appeals said:

> A person is responsible for starting a criminal proceeding who . . . directs or requests a prosecution based on information which the person knows is false or withholds information which a reasonable person would realize might affect the decision to prosecute, . . . or gives inaccurate or incomplete information to those who prosecute.

In *Montgomery Ward v. Wilson*, 339 Md. 701, 719, 664 A.2d 916, 925 (1995), the Maryland Court of Appeals said:  "[I]n malicious prosecution actions, the plaintiff must establish that the defendant committed the tort with some improper purpose or motive.  Mere negligence in instituting unjustified criminal proceedings against the plaintiff cannot satisfy the 'malice' element."

The Complaint fails to allege that defendants initiated criminal proceedings against plaintiff.  Therefore, no claim for malicious prosecution has been stated.

## G.

Plaintiff's assault claims are time-barred under C. J. § 5-105, which provides for a limitations period of one year.  However, his battery claim is subject to a limitations period of three years.  *See Ford v. Douglas*, 144 Md. App. 620, 799 A.2d 448 (2002).

Plaintiff alleges that "[s]ometime around June 2013," while his mother was on vacation, his father began to "harass" him.  Specifically, plaintiff states that on one occasion, his father used his body to block plaintiff from leaving the basement of the home, and in doing so, touched plaintiff, while "ranting," and then threw some of plaintiff's clothing into the backyard.

Although plaintiff alleges that both his parents are responsible for battery as a result of this incident, he clearly states that his mother was not present.  Therefore, he does not state a battery claim against her.  However, the claim against Martin Sr., alleging battery "around June 2013", filed on May 31, 2016, is within the limitations period.

As noted, plaintiff asserted generally, for all of his claims, that the amount in controversy exceeds $75,000.  ECF 1 at 1.  However, that was the assertion as to all claims, against two parties.  Given the dismissal of all claims as to Ms. Martin, and the prospect of only the battery claim remaining as to Mr. Martin, it is not apparent that the amount in controversy exceeds the requisite $75,000.  Therefore, I shall dismiss the battery claim against Mr. Martin Sr., without prejudice   And, I will grant plaintiff leave to amend his suit, within 21 days of the date of docketing of this Order, so as to allege the jurisdictional prerequisite as to the battery claim against his father.

## IV.  Conclusion

For the reasons stated above, the case is subject to dismissal, with the possible exception of the battery claim against Martin Sr., as set forth herein, for which plaintiff shall be granted

leave to amend.  Plaintiff shall also be required to serve the Amended Complaint, as set forth in

the Order that follows.


<u>June 16, 2016</u>                    _____/s/_____
Date                                    Ellen L. Hollander
                                        United States District Judge